## JOHNSTON *a.* McAUSLAND.

*Supreme Court, First District; General Term, September,* 1859.

JUDGMENT BY CONFESSION.—SUFFICIENCY OF STATEMENT.—AU-
THORITY OF ATTORNEY.

A statement that "the judgment is confessed for a debt justly due to the plaintiff arising upon the following facts : On or about the 18th day of December, 1858, the plaintiff lent or advanced to the defendant in cash the sum of two thousand dollars, which said sum, with interest thereon from the said 18th day of December, 1858, amounting to $80.24, is now justly due by the defendant to the plaintiff," is sufficient.*

---

* CLAFLIN *a.* SANGER (*Supreme Court, First District ; Special Term, August,* 1859)— This was a motion to set aside a judgment entered on confession.

*John H. McCunn,* for the motion.

*I. T. Williams,* opposed.

INGRAHAM, J.—This motion is made by a judgment-creditor of the defendant to set aside the judgment in this case for a defect in the statement of indebtedness. The judgment was entered on a confession. The statement of the in-

Stating the loan to have been made on or about the day mentioned is not indefinite and uncertain.

During the creditor's absence from the country, an attorney without the creditor's knowledge, accepted from the debtor a confession of judgment, and entered judgment thereon, and afterwards received from the creditor's partner a request to proceed and issue execution.

*Held,* that the acceptance of the judgment was sufficient as against creditors whose judgments were recovered subsequent to the time when the attorney received such request.

---

debtedness was as follows : " a promissory note (for a specified date and amount), which note was given to L. W. & Co., for goods, wares, and merchandise theretofore purchased of L. W. & Co., by the defendant, which note was indorsed by the debtor, and came into the hands of the plaintiffs for a valuable consideration."

The objection to this statement is, that it does not state the facts out of which the indebtedness arose. In all the cases it is conceded that the object of the statute was, to compel the debtor to disclose so much of the transaction out of which the indebtedness arose as to enable the creditor to form a more accurate opinion as to the integrity of the debtor in confessing the judgment, and for this purpose to compel the parties to spread on the record a particular and specific statement of the facts out of which the indebtedness arose. (Chappel *a.* Chappel, 2 *Kern.*, 215.)

The precise question, as presented in this case, appears to have been passed upon, by the general term in this district, in Moody *a.* Townsend )3 *Abbotts' Pr. R.*, 375). ROOSEVELT, J., in that case says : " A general allegation, that the judgment was for goods sold and delivered," is not a compliance with the requirements of the statute.

In Freligh *a.* Brink (16 *How. Pr. R.*, 272), BROWN, J., held that a statement which averred the indebtedness to arise on a note for $700, that amount of money being had by the defendant of the plaintiff, and which was due, was insufficient. In Stebbins *a.* Methodist Episcopal Church (12 *How. Pr. R.*, 410), SMITH, J., held that a statement of indebtedness for money lent and advanced by the plaintiff to the defendant, and which had been used to pay his debts, was insufficient, because it did not state when the money was lent, in what sums, and at what times.

In Lockwood *a.* Finn *et al.* (18 *How. Pr. R.*, 418), ROSEKRANS, J., held that a statement that the indebtedness for goods, wares, and merchandise sold and delivered by the plaintiff to the defendant, since a specified date, was insufficient, because it did not set forth what kind of goods, &c., were sold, nor how much, nor at what time. That it did not point to any particular transaction to which other creditors could direct their inquiries.

In Beekman *a.* Kirk (15 *How. Pr. R.*, 228), HARRIS, J., held that a statement of indebtedness, in a judgment recovered on a bond given for money borrowed by the defendant, was defective for want of disclosing the amount of the loan or when the judgment was recovered. (See also 17 *N. Y. R.*, 9.)

There are many other cases which might be cited of a similar character, but the above are amply sufficient to show that the views entertained by the judges in these cases, when applied to the present case, would condemn the statement as insufficient and defective. I will only add one more made by the general term

Johnston a. McAusland.

Appeal from an order granting a motion to vacate judgment entered by confession.

The confession of judgment was in the following form:

[TITLE OF THE CAUSE.]

"I do hereby confess judgment in this action in favor of the plaintiff for the sum of two thousand and eighty dollars and twenty-four cents, and authorize judgment to be entered therefor against me.

"This confession of judgment is for a debt justly due to the plaintiff, arising upon the following facts: On or about the 18th day of December, 1858, the plaintiff lent or advanced to the defendant in cash, the sum of two thousand dollars, which said sum with interest thereon from the said 18th day of December, 1858, amounting to $80.24, is now justly due by the defendant to the plaintiff, and which said sums of principal and interest, amount to the said sum of $2080.24."

This judgment was entered in the office of the clerk of the city and county of New York, on the 10th day of August, 1859,

---

of this district. In Davis a. Morris (21 Barb., 152), MITCHELL, P. J., held a statement of indebtedness, to be for money lent and advanced at divers times by the plaintiff to the defendant, from 1853 to date, was insufficient.

These decisions, two of which are by the general term of this district, are controlling upon this question, notwithstanding there are some few cases of a contrary tenor, by the judges at special term in other districts, such as Post a. Coleman (9 How. Pr. R., 64).

The plaintiffs in this action were not the original creditors by whom the goods were sold, and it was suggested that less particularity was required from them than would be from the persons to whom the debt was originally due.

There is no distinction made in the statute, and there is no good reason shown for making any such distinction.

The statement is to be made by the debtor and not the creditor, and he can as well state the particulars in one case as the other. He knows the particular transaction out of which the indebtedness arose, and he can state it as easily after the claim has been transferred to a third person, as he could before the transfer.

The motion to set aside the judgment, as to the creditor making this motion, must be granted.

and an execution was issued and levied on the property of the defendant.

On the nineteenth day of the same month, J. Houldsworth and other creditors of McAusland recovered against him a judgment, which on that day was docketed in the office of the clerk of the city and county of New York, and execution issued.

These latter creditors now moved to vacate the confession of judgment. The affidavit on which the motion was made, alleged among other things, that the plaintiff was, and long had been a resident of New Orleans, and at the time of the entry of the judgment, and for a long time previous thereto had been in Europe ; that for a considerable time previous to the entry of the judgment, the attorney who entered it had acted as the attorney of the defendant, and that he was unacquainted with the plaintiff, and had never received any request or authority from the plaintiff to act for him in the matter of the confession of judgment.

The affidavits to oppose the motion, were to the effect that the plaintiff's attorney was employed by a third party acting in behalf of the plaintiff; that the attorney at the time expressed to him a desire to have a written retainer from plaintiff, and he immediately telegraphed to New Orleans to the brother and partner there of the plaintiff, and that on the fifteenth of August the attorney received in return a written authority, signed by the brother of the plaintiff in the plaintiff's name.

The motion was granted at special term ; and the plaintiff appealed to the general term.

*Charles Tracy*, for the appellant.

*H. H. Morange*, for the respondents.—I. The statement is insufficient in the following respects: The words "on or about the 18th day of December," are indefinite and uncertain. If the money was loaned in one sum, the exact date should be stated ; if in several sums and at various times, each sum and the respective dates should be specified. It should also appear that that no part of the moneys loaned had been repaid ; to state that the amount claimed was justly due, was to state a

conclusion of law. The statement must *show* that the amount was justly due. (*Code*, § 383, subdiv. 2.)

II. There must be some one authorized to appear for the plaintiff, and accept the confession on his behalf. The act of the attorney for the plaintiff, without the knowledge or approbation of the plaintiff was insufficient, and a badge of fraud.

By THE COURT.*—ROOSEVELT, J. (orally).—We are of opinion that the judgment was sufficiently accepted by the appellant, before the respondents recovered their judgment. The judgment by confession was entered on the 10th of the month while Johnston the plaintiff was in Europe. On the 15th of the month the attorney received a dispatch from Johnston's partner directing him to issue execution. This was a sufficient acceptance ; and the respondents are not authorized to object to the judgment on the ground of a want of acceptance before the recovery of the second judgment.

The statement contained in the confession that the loan was made on or about the 18th day of December, 1858, is sufficiently definite.

The order appealed from must be reversed, with costs.

---

## SHOE AND LEATHER BANK *a.* BROWN.

*Supreme Court, First District ; Special Term, October,* 1859.

PLEADING.—COMPLAINT.—AVERMENT OF PLAINTIFF'S IN-CORPORATION.

In an action by a domestic corporation it is not necessary that the complaint should set forth the mode of plaintiff's incorporation, or recite the title and date of the act under which the plaintiff was incorporated.†

---

* Present, ROOSEVELT, P. J., LOTT and SUTHERLAND, JJ.

† It is otherwise as to a foreign corporation plaintiff. See Connecticut Bank *a.* Smith, *Ante,* 168.